```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                          **CRIMINAL ACTION NO. 2:17-00137-03**

**ALISHA MARIE ESQUE**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On August 6, 2018, the United States of America appeared by J. Matthew Davis, Assistant United States Attorney, and the defendant, Alisha Marie Esque, appeared in person and by her counsel, Roger L. Lambert, for a hearing on the petition seeking revocation of supervised release and amendment thereon submitted by United States Probation Officer Jeffrey D. Bella. The defendant commenced a three-year term of supervised release in this action on May 2, 2018, as more fully set forth in the Judgment Including Sentence Under the Sentencing Reform Act entered by the court on March 26, 2018.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respects: (1) the defendant used and possessed controlled substances as evidenced by her verbal admission to the probation officer on May 10, 2018, that she had nasally ingested methamphetamine on May 8, 2018, the defendant having signed a voluntary admission form acknowledging her use on May 14, 2018; a positive urine specimen submitted by her on May 14, 2018, for buprenorphine, the defendant having signed a voluntary admission form confirming she had nasally ingested Subutex on May 11, 2018; a positive urine specimen submitted by her on June 4, 2018, for buprenorphine, methamphetamine and marijuana, the defendant having signed a voluntary admission form acknowledging her use; and her verbal admission to the probation officer on June 27, 2018, that she intravenously injected methamphetamine that same date; (2) the defendant failed to inform the probation officer of her change in residence inasmuch as on May 21, 2018, the defendant's roommate informed the probation officer that the defendant no longer resided at her residence of record, the defendant having confirmed on May 22, 2018, that she had moved from her residence of record on May 14, 2018; (3) the defendant failed to follow

the instructions of the probation officer in that he instructed her on May 10 and 29, and June 4, 2018, to stop using illegal drugs; (4) the defendant failed to abide by the special condition that she participate in and successfully complete a six-month residential drug treatment program inasmuch as she was instructed to report to Prestera Center's long-term inpatient substance abuse treatment facility to begin treatment on May 23 and 24, 2018, but failed to report as instructed; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release and amendment thereto.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to

the extent set forth below, it is accordingly ORDERED that the defendant be, and she hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **FOUR (4) MONTHS**, to be followed by a term of thirty-two (32) months of supervised release upon the standard conditions of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that she, during the first year of supervised release, participate in and successfully complete a long-term residential drug treatment program such as the 9 to 12 month Recovery Point program or, if unavailable, a similar residential program to be designated by the probation officer. The defendant shall travel directly to the designated facility from her place of incarceration, without interruption, upon her release from imprisonment.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: August 8, 2018

John T. Copenhaver, Jr.
United States District Judge